**IN THE UNITED STATES**
**DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TIMOTHY STATES, ) | |
| 948 South Street, NW ) | |
| Washington, DC 20001 ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: |
| THE DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant ) | |
| ) | |
| SERVE: ) | |
| Attorney General for the District of Columbia ) | |
| 950 Pennsylvania Avenue, NW ) | |
| Washington, DC 20053 ) | |
| ) | |
| Defendant. ) | |

**CIVIL ACTION FOR DAMAGES, EQUITABLE AND DECLARATORY RELIEF**

Plaintiff, Timothy States, hereby files this civil action for damages and equitable and declaratory relief against Defendant, the District of Columbia government (Board of Zoning Adjustment ("BZA")), for a violation of his Fifth Amendment due process rights via 42 U.S.C. §1983.

**INTRODUCTION**

Defendant BZA systematically issues defective written notices to affected residents and citizens, which fails to provide them specific, direct, and clear notice regarding their rights to request and secure "party status" in proceedings before the BZA. In the immediate case, pertinent to BZA Application No. 19768, BZA's two-page written notice deprived Mr. States of a fundamental procedural due process right to enjoy BZA's "party status." As a result, Mr. States

1

has been denied the right to: (1) legal counsel; (2) present evidence; and (3) cross-examine witnesses. See Exhibit 1, BZA's Notice dated May 14, 2018.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331, 2201 and 2202, the Fifth Amendment to the Constitution of the United States, and 42 U.S.C. §1983.

2. Venue is proper in this District under 28 U.S.C. §1391(b) since the conduct at issue occurred in the District of Columbia.

## PARTIES

3. Plaintiff, Timothy States, a D.C. resident, has lived at 948 S St NW, Washington, DC 20001, for nearly twenty (20) years.

4. Defendant, District of Columbia government, is a municipality. Its BZA provides certain relief from DC zoning laws to applicants, which frequently includes homeowners and developers. At all times referenced herein, two members of the Zoning Commission, Carlton E. Hart, the acting Vice-Chairperson of the BZA and Robert Miller, the Vice Chair of the Zoning Commission, voted in a 2-1 vote to deny Plaintiff party status. Plaintiff asserts *respondeat superior* where applicable.

## FACTS COMMON TO ALL CLAIMS

5. The D.C. Zoning Regulation, specifically 11 DCMR 2016 Subtitle Y, Chapter 3, "Application Requirements: Special Exceptions and Variance," requires a contractor or developer seeking zoning relief for a project or use that is not allowed as a matter of right for the zoning district, to submit an application to BZA for certain relief before appearing at a public hearing to present their case.

6. On May 14, 2018, pursuant to the BZA's consideration of Cannon Development D.C. LLC's ("Developer") request for certain variances, the BZA sent a two-page written notice to

affected residents, including Plaintiff, which effectively advised them that their land was within 200ft of the subject property being developed. See Exhibit 1. This two-page notice stated only the time and date for the scheduled hearing, but did not directly or expressly state any further details regarding requirements for affected residents, including Mr. States, to secure "party status."[1] Nor did the letter specify a deadline to do so. Rather, a paragraph in the second page of the written notice stated: "How to Participate in the Case." Rather than specifying pertinent details, the paragraph further referred affected residents to the Agency's website:

> "There are *many ways* to participate in a case, including submitting a letter in support or opposition into the record, participating in person as a witness, or filing for party status. Visit the Interactive Zoning Information Systems (IZIS) on our website at to make a submission. Visit http://dcoz.dc.gov/resources/Party_Person/index.shtm for an explanation of the difference between a "person" and a "party."

See Exhibit 1.

7.      Pursuant to the above-mentioned D.C. Zoning Regulations, an affected resident is required to notify the BZA of party status no later than fourteen (14) days prior to a hearing. If an affected resident does not meet this deadline, the BZA reserve the right and discretion to deny the affected resident party status, thereby relegating the resident to a limited three (3) minute presentation. That presentation is subject to the Board's questions and comments, as occurred here. When denied party status, a resident's opportunity to make a record of potentially critical information, nuances, and probing questions to and responses from the Developers and its architect are substantially compromised.

---

[1] "Party status" identifies a participant in a proceeding who has an interest in the outcome that is greater than that of the general public. They have the right to present witnesses and cross-examine witnesses of other parties at a hearing. They can also submit motions, including requests for a continuance and for reconsideration.

8. The aforementioned reference to the Agency's website also omitted language about party status, time requirements to secure party status (deadlines), or potential loss of rights if an affected resident failed to otherwise timely complete the application. After reviewing the website referenced in paragraph 6, a resident is then directed to IZIS where he or she is required to create an account. Once an account is created, the affected resident must log-in and select "File Request for Party Status," which then leads them to a page where they must enter their case number. After the case number is entered, the affected resident is led to yet another page containing a link that finally leads to the party request form. See Exhibit 2, Form 140--Party Status Request Form. Once said request form is filled out, there is a caption at the bottom of the page that reads:

> "Except for the applicant, appellant or the ANC, to participate as a party in a proceeding before the Commission/Board, any affected person shall file with the Zoning Commission or Board of Zoning Adjustment, this Form 140 not less than fourteen (14) days prior to the date set for the hearing."

See Exhibit 2.

9. The critical 14-day party status deadline notice is the very last language of the application sequence. Hence, the affected resident does not find out that there is a 14-day party status deadline unless he or she systematically exhausts the three stages of the notice process. Absent a finding of the third rendition to the notice letter to an affected resident, specific notice of Form-140's 14-day filing deadline is not provided and an affected resident would have no other means to ascertain the 14-day requirement for party status without going through said three-step process.

10. The BZA notice letter thereby fails to properly, directly, timely, and clearly communicate to Plaintiff Mr. States: (1) the significance of "party status"; (2) the difference between "person" and "party"; and (3) the timeliness of filing a party status request, all of which are pertinent to Plaintiff's interest in protecting his property and his Fifth Amendment right.

11. Plaintiff's property, located at 948 S St NW, Washington, DC 20001, is a two-story row house with a basement.

12. The Developer's property, presently a vacant lot at 1735-1737 10th St. NW (Square 363, Lots 105 and 106), is directly located immediately behind Plaintiff's home. See Exhibit 3, Defendant's Original Architect Drawings. The Developer seeks to construct a four (4) unit condominium building.

13. Plaintiff's house is 25ft high. The proposed development is 35ft high and would significantly obstruct Plaintiff's light, air, and space, thereby affecting Plaintiff's enjoyment of his property and its value.

14. In its application, Developer requested four (4) variances from the BZA, as follows:

> Application of CDDC 1735-1737 10th St NW LLC, pursuant to 11 DCMR Subtitle X, Chapter 9, for special exceptions under Subtitle C § 703.2 from the minimum parking requirements of Subtitle C § 701.5, and pursuant to Subtitle X, Chapter 10, for variances from the lot occupancy requirements of Subtitle E § 304.1, the rear yard requirements of Subtitle E § 306.1, and the side yard requirements of Subtitle E § 307.1, to construct two new flats in the RF-1 Zone at premises 1735 and 1737 10th Street N.W. (Square 363, Lots 105 and 106).

See Exhibit 1.

15. About nine (9) days prior to the scheduled BZA hearing in the present matter, Plaintiff re-read the BZA's two-page notice letter and then accessed the link referenced within, which directed him to complete Form 140. Just before the submit button, at the end of the application, Plaintiff came across the 14-day party status deadline.

16. As a result of the BZA's failure to include a specific and prominent notice of the significant 14-day party status application deadline in its two-page notice letter nor directly on its website diluted the threshold notice to Mr. States. Plaintiff thusly learned of the party status application

deadline after it had passed. Consequently, he submitted his application (6) days past the deadline but eight (8) days before the party-status hearing yet well before the scheduled hearing on the Developer's 4-variance request, dated to be July 18, 2018, a full calendar month before said hearing.

17.     On June 20, 2018, Mr. States submitted a letter to the BZA in which he requested leave to become a party, citing in part the Agency's defective notice.  See Exhibit 4, Plaintiff's Letter to the BZA.

18.     At the scheduled June 27, 2018, hearing, the BZA presented Plaintiff, based upon his letter, an opportunity to argue his request for leave to become a party given that he missed the 14-day party status deadline. In response to Plaintiff, BZA Board Member, Carlton E. Hart, the Vice-Chairman, stated to Plaintiff "if I have issues with something and I'm really concerned about something, I will find out every right that I have when I found out that that is an issue." See Exhibit 5, Transcript Excerpt Pg 32-37 from BZA Party Status Hearing.

19.     The BZA proceeded to "unanimously" vote (which was actually 2-1) to deny Plaintiff's party status:

> VICE CHAIRPERSON HART: Thank you. Let's see, so with that, I think that we are denying the request for party status.
> MS. ROSE: Did you deal with the waiver first? Because if you --
> VICE CHAIRPERSON HART: Oh, sorry, we're denying the waiver, I guess that would be.
> MS. ROSE: You're denying the waiver?
> VICE CHAIRPERSON HART: Yes.
> MS. ROSE: Then, the party status application would be moot or --
> VICE CHAIRPERSON HART: Okay. That would be -- so, thank you very much, Ms. Rose, for correcting me.
> MS. ROSE: Okay.
> VICE CHAIRPERSON HART: So, denying the waiver for waiving the notice, the late submittal.
> MS. ROSE: And this is by consensus?
> VICE CHAIRPERSON HART: That would be correct, unanimous.
> MS. ROSE: All right.

Transcript 37-38.

20. As a result of the BZA vote, Plaintiff was precluded from challenging the above referenced Developer's application for variances, which included his rights to: (1) cross-examine the Developer; (2) present witnesses (after retaining professional services of an architect); and (3) otherwise participate in the hearing.

21. Prior to the hearing, Plaintiff discovered inconsistencies in the zoning adjustment process. The directly affected neighboring French Street Association, which the subject Advisory Neighborhood Commission ("ANC") was requested to rely upon for input, had not been given the requisite opportunity to vote in favor, or in opposition, of the proposed development.

22. Mr. States' rights, including his right to participate in a hearing heavily concerning the value of his home of nearly twenty (20) years, were directly affected by virtue of the BZA's actions and denial of his request for party status.

23. The BZA's illusive notice regarding the party status application deadline impeded Mr. States' timely filing. Further, the BZA's notice letter and subjective enforcement effectively prioritize developers' rights over those of the affected residents who missed the 14-day party status application deadline.

24. The government's actions have caused Plaintiff considerable time, resources, anguish and emotional harm, and potentially irreversible harm to his residence.

## COUNT I
## VIOLATION OF DUE PROCESS
**Defendant's Violation of Plaintiff's Procedural Due Process Rights**

25. Plaintiff incorporates and re-alleges paragraphs 1-24.

26.     Plaintiff further alleges that Defendant's policies, practices, and customs, specifically related to its notice to affected residents resulted in the deprivation of Plaintiff's constitutional due process right.

27.     Plaintiff further alleges that the BZA notice letter, specifically the third rendition, which is excerpted and stated above, is vague as applied and overbroad in that it fails to sufficiently notify affected residents of Form 140, a time sensitive application. Therefore, the District of Columbia's actions arbitrarily deprives affected residents, such as Mr. States, of their rights to know, in a timely and clear fashion, the process for securing party status.

28.     Defendant BZA's notice letter, for reasons stated, violates Mr. States' due process rights under the Fifth Amendment of the United States Constitution, and 42 U.S.C. §1983.

## COUNT II
## DECLARATORY RELIEF

29.     Plaintiff incorporates and re-alleges each and every allegation contained in the paragraphs 1-28.

30.     Plaintiff seeks a declaratory judgment regarding the District's interpretation and enforcement of "party status" in BZA Application No. 19768, including an order that the District's BZA notice letter is defective as it fails in its multiple renditions to properly and clearly notify affected residents of its time sensitive 14-day party status application deadline. Further, such illusive notice negatively and harmfully affects Mr. States' interests and right to challenge the zoning variances in BZA Application No. 19768, which harmed his property and property value. Said governmental action flowed from its defective notice to residents.

## COUNT III
## EQUITABLE RELIEF
## TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF

31.     Plaintiff incorporates and re-alleges paragraphs 1-30.

32.     Defendant's actual, including but not limited to its, defective notice letter has substantially and irreparably harmed Plaintiff's property unit by denying him party status at said June 27, 2018, hearing. The government's actions effectively terminated Mr. States' limited participation in the BZA hearing.

33.     Further, based upon the aforementioned violations of his due process rights, Mr. States enjoys a likelihood of success on the merits of its claims.

34.     Mr. States' requested injunctive relief is in the public interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests and prays that the Court order the following relief:

A. That this Court award Plaintiff appropriate declaratory and equitable relief, attorneys' fees, and any such other relief as this Court deems necessary and appropriate.

B. That this court award Plaintiff appropriate compensatory damages for emotional damages in excess of $100,000.00.

### JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

DATED:  July 13, 2018.

> Respectfully submitted,
>
> /s/Donald M. Temple
> Donald M. Temple
> 1310 L Street, N.W. Suite 750
> Washington, DC  20005